### JOHN LITHERBURY *v.* MOSES GREENWOOD & CO. and LEWIS SNAPP.

The rule excluding a party to the record as a witness cannot be extended to a case where defendants might have been sued separately.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J.   *J. L. Matthewson*, for plaintiff and appellant.   *Semmes & Edwards*, for defendants.

OGDEN, J.   The defendants, *Greenwood & Co.*, promised to accept the drafts of their co-defendant, *Lewis Snapp*, at six and nine months, for $1166 67 each. On the faith of that promise, the plaintiff took the draft sued on, which was afterwards protested for non-acceptance, and the present suit is brought both against *Greenwood & Co.* and *Lewis Snapp*, as member of the firm of *Snapp & Hanger*, by whom the bill was drawn; and judgment is asked against them *in solido*.

Judgment was rendered against *Snapp*, on his confession.

The conclusion to which we have come, on one of the grounds of defence relied on by *Greenwood & Co.*, renders it unnecessary to notice the other questions which have been discussed, as to their liability.   It appears that, after the maturity of the draft sued on, the plaintiff addressed a letter to *Snapp*, informing him that he had drawn on him for the amount of the protested draft on *Greenwood & Co.*, at three months from date.   He begs him to accept the bill and not let it be protested, either for non-acceptance or non-payment.   At the foot of the letter is a calculation of the interest which had accrued on the former bill, which, together with the costs of protest, is added to the new bill. This new bill drawn at 90 days, from the 30th October, 1851, was accepted by *Lewis Snapp*, but not paid at maturity.   *Snapp* was produced as a witness by *Greenwood & Co.*, and the plaintiff objected to his testimony on two grounds: 1st. That he was a party to the suit.   2d. That he had an interest in the result. His testimony was admitted, and the plaintiff, by a bill of exceptions, has presented the question of its admissibility for our decision.   The rule excluding a party to the record as a witness, cannot be extended to a case where the de-

fendants might have been sued separately. As it was not necessary to join them in the same action, there could be no reason on that account to deprive either party of the other's testimony. The mere fact of the witness being a party to the record, does not disqualify him as a witness. See 1st Ann. R., p. 228; 2d Ann. p. 890; 5th N. S. 455. The only interest which the witness had, and by which his testimony could have been excluded, was that resulting from his liability for costs, for which he would have been responsible to *Greenwood & Co.* if they had been cast in the suit. That interest was released, and we think his testimony was properly received. This witness testifies that the understanding he had with the plaintiff was, that the draft on *Greenwood & Co.* was to be given up when he accepted the new bill; and this fact is rendered probable by all the surrounding circumstances. The new bill was payable to the order of James Hall, Cashier, and thus a new creditor was substituted to the old one, and the bill on *Greenwood & Co.* must have been considered as extinguished by novation.

The judgment of the Court below is, therefore, affirmed, with costs.